# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-2084V

|  |  |
|---|---|
| CHESTER TENNYSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 3, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA*, for Petitioner.

*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION AWARDING DAMAGES[1]

      On October 27, 2021, Chester Tennyson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine that was administered to him on November 2, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. On March 21, 2023, Respondent filed a Rule 4(c) Report conceding that Petitioner was entitled to compensation. ECF No. 34. On March 23, 2023, a Ruling on Entitlement was issued, which held Petitioner is entitled to compensation. ECF No. 35. Because the parties could not informally resolve the issue of damages, they were ordered

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

to file briefs setting forth their respective arguments and were notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on June 28, 2024.

Petitioner requested an award of **$150,000.00** in compensation for pain and suffering, and **$358.10** for medical expenses. Respondent recommended an award of **$72,500.00** for pain and suffering but agreed to the proposed expenses sum. After listening to the arguments of both sides, I issued an oral ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A), at the conclusion of the June 28, 2024 hearing. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded.

In another recent ruling I discussed at length the legal standard to be considered in determining damages in cases involving GBS as the injury. I fully adopt and hereby incorporate my prior discussion of the legal standard and statistical data for such cases from *Grant v. Sec'y of Health & Hum. Servs.*, No. 20-1262V, 2023 WL 6214589, at *4-6, n.6 (Fed. Cl. Spec. Mstr. Aug. 31, 2023). The official recording of my oral ruling also includes my discussion of various comparable cases, as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding damages herein.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), **I find that $110,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering, plus $358.10 for unreimbursable medical expenses.**[3] **I award this amount as a lump sum payment, in the form of a check payable to Petitioner in the amount of $110,358.10.** This amount represents compensation for all damages that would be available under Section 15(a).

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.